CHARLES E. QUACKENBUSH, impleaded with, etc., Plaintiff in Error, *v.* JOHN CARSON *et al.*, Defendants in Error.

### ERROR TO MORGAN.

In a petition for a mechanics' lien, the land was described as being about three acres, lying in the south-east corner of the south-west quarter of the north-west quarter of section 22, in T. 15 N., R. 10 west of 3d P. M., and the petition further stated that the defendant " is now owning and in possession of said land, as he has been ever since the time above mentioned, and in his own right is now holding, and has been so holding from," etc., " under a title bond or a bond for a deed, to and for said land, in writing made and given by William B. Warren :" Held, that as circumstances were referred to, by which, with the aid of extrinsic evidence, the premises could be precisely located, the description was sufficient.

PETITIONS to enforce mechanics' lien were filed by the defend-- ants in error, in which the property sought to be subjected to lien and sale, was described as " a certain piece or parcel of land situate in said county, and described as being about three acres of land lying in the south-east corner of the south-west quarter of the north-west quarter of section twenty-two, in township fifteen north, of range ten west of third P. M."

At the appearance term, Quackenbush was defaulted, and decrees *pro confesso* were taken, describing the property as above, and directing it to be sold.

The special master reported that he had advertised and sold the property, describing it as in the decrees, and that he was about to execute a deed to the purchaser, when he was notified by the counsel of Quackenbush not to make a deed.

At the same time Quackenbush, by his solicitors, appeared and objected, on the report of the special master filed, to the validity of the sale and to his making any deed pursuant to the sale, for the following reasons : " That in the petitions and decrees in the above cases, and in the advertisement for sale by the special master, there is and was no legal, certain and sufficient description of the premises which were claimed as subject to the asserted liens of the petitioners severally and respectively, and thereupon asks the court to vacate said sale;" which being heard was overruled, to which Quackenbush excepted, and brings the case to this court by writ of error, assigning as errors,

1st. That there is no legal or definite description in said petitions or decrees, or either of them, of the premises sought to be subjected to lien and sale by said petitions and decrees.

2nd. That the court erred in approving the report of the special master, and in ordering him to make a deed pursuant to sale made by him.

---

D. A. AND T. W. SMITH, for Plaintiff in Error.

GEO. EDMUNDS, JR., for Defendants in Error.

CATON, C. J.   This was a petition for a mechanics' lien, which avers that the defendant " was owner by contract of purchase, and in possession of a certain piece or parcel of land situate in said county, and described as being about three acres of land lying in the south-east corner of the south-west quarter, of the north-west quarter, of section twenty-two, in township fifteen north, of range ten, west of the third P. M., and said Quackenbush is now owning and in possession of said land, as he has been ever since the time above mentioned, and in his own right is now holding and has been so holding from and before the time above mentioned, under a title bond or a bond for a deed to and for said land in writing, made and given by William B. Warren," etc.   The objection taken to the decree rendered is, that the description is so uncertain that the sheriff cannot certainly know what he should sell, and that a deed of the premises containing the same description would be void, for uncertainty. We think the description abundantly sufficient.   Granting that the simple description of, about three acres in a particular corner of a certain quarter section, would be objectionable without any attendant circumstances to help fix the precise location, here are circumstances referred to, which by the aid of extrinsic evidence, must enable any one to locate the precise premises without the least trouble.   It is the same lot which is in the possession of and occupied by the defendant.   This can be established by any one who is acquainted with that possession, as satisfactorily as if the premises had been described as enclosed by a stone wall, or as if any other usual mode of description had been adopted.   If a description of land is such that it can be located by the proof of the existence of facts stated to exist in the description or deed, it is sufficient, and such beyond all doubt is the case here.

The decree must be affirmed.

*Decree affirmed.*